UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| AMERICAN SELECT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:22CV44-PPS/JEM |
| VINCENT HARBISON, PAMELA HARBISON, and JAMES J. BAIRD, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Vincent & Pamela Harbison and James Baird are neighbors in Valparaiso, Indiana. Their relationship on Eden Court has been less than paradise, to say the least. In July of 2021, the Harbisons filed a lawsuit against Baird in Porter County Superior Court alleging that they witnessed Baird negligently shoot and kill the Harbisons' beloved dog, Bentley. [DE 1-1 at 1-2.] The original and first amended complaints by the Harbisons asserted a claim of negligent infliction of emotional distress. The Indiana court granted Baird's motion to dismiss the claim on the ground that Indiana law does not permit such a claim based on witnessing the death or injury of a pet. The Harbisons were granted leave to file a second amended complaint in which the previously dismissed claim remained as Count I and a new Count II was added, asserting an intentional infliction of emotional distress claim, based on allegations that on October 13, 2021, Baird "without cause or provocation threatened[,] menaced and intimidated" the Harbisons. [DE 1-2 at 1, 2.]

The plaintiff before me is the insurance company which issued a homeowners insurance policy to James and Mary Baird that included certain personal liability coverage. [DE 1-3.] American Select Insurance is currently providing a defense to James Baird in the Harbisons' state court action, subject to a reservation of rights. [DE 1 at 6.] Before me, American Select seeks a declaratory judgment that it has no duty to defend or indemnify Baird against the allegations of the Harbisons' Second Amended Complaint because the policy provides no coverage for them. [*Id*. at 7-8.] American Select has named both the Harbisons and Baird as defendants in this action, given the interest of each in Baird's coverage for the Harbisons' claims.

In this court, after being served with American Select's complaint in March 2022, neither the Harbisons nor Baird has appeared to defend against American Select's request for a declaratory judgment. The Clerk has entered defaults against each of the defendants. [DE 13, 14, 15.] The defendants received notice of the defaults by my order of June 22, 2022. [DE 17.] American Select has now filed three separate motions for default judgment, each of which contains a certificate of service indicating that it was mailed to the Harbisons and to Baird at their Eden Court addresses. [DE 18, 19, 20.] None of the defendants has appeared to oppose default judgment.

I must "exercise sound judicial discretion in determining whether" default judgment should be entered. Wright & Miller, 10A FEDERAL PRACTICE & PROCEDURE 3rd ed., §2685 (1998). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The*

2

*Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). I am to consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D.Ind. 2005); *see* Wright & Miller 10A FEDERAL PRACTICE & PROCEDURE 3rd ed., §2683 (1998). None of these factors weighs against default judgment. No dispute of material fact is evident from the record. The defaults are not merely technical and a default judgment would not be unduly harsh, as the record reflects ample notice of this litigation to all three defendants. American Select is substantially prejudiced by continuing a defense of Baird if he is not entitled to one under his policy.

Among the factors to be considered are "the merits of the plaintiff's substantive claims." *Duralar Tech. LLC v. Plasma Coating Tech., Inc.*, 848 Fed.Appx. 252, 255 (9th Cir. 2021). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008). Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). *See also Gard v. B&T Financial Services*, No. 2:12-CV-5, 2013 WL 228816, at *1 (N.D.Ind. Jan. 22, 2013); *Cameron v. Myers*, 569 F.Supp.2d

762, 764 (N.D.Ind. 2008); *Rual Trade Ltd. v. Viva Trade LLC*, 549 F.Supp.2d 1067, 1071 (E.D.Wisc. 2008); *In re Greco*, 397 B.R. 102, 105-106 (Bankr.N.D.Ill. 2008) (collecting cases).

As plaintiffs often do when seeking default judgment, American Select has neglected to address the merits of its claim and has not offered an analysis of why the facts deemed admitted by the defendants' default support a legal determination that there is no coverage for Baird under the policy. First I have to determine the nature of the Harbisons' pending claims against Baird. American Select proceeds on the assumption that, given the state court's rulings, the sole remaining cause of action is for intentional infliction of emotional distress, based on alleged threats and intimidation that occurred months after Bentley was shot. The Harbisons allege that Baird "without cause or provocation threatened, menaced and intimidated them" causing the Harbisons to "reasonably fear that the harmful and offensive contact was about to occur" and causing them "anxiety, mental anguish, emotional trauma, mental trauma, fright, humiliation and other emotional damages." [DE 1 at 3, quoting Count II of the Second Amended Complaint.]

American Select's pleading before me enumerates a number of reasons that it contends Baird's policy would provide no coverage for liability based on the Harbisons' remaining Count II. By their default, the Harbisons and Baird have failed to dispute American Select's contention that Baird's policy affords no coverage because the Harbisons allege conduct within the policy's definition of "bullying," which is excluded from coverage. [DE 1 at 4, 6.] Baird and the Harbisons have also failed to dispute that

4

the remaining state court claim is for emotional distress which is not a form of injury covered by the policy, and that the conduct for which Baird is sued was intentional, and so was not an "occurrence" within the meaning of the policy. [*Id*. at 4, 5, 7.] This analysis is sufficient to support my exercise of discretion in favor of granting a declaratory judgment by default.

**ACCORDINGLY:**

Plaintiff American Select Insurance Company's Motion for Default Judgment as to James Baird [DE 18], Motion for Default Judgment as to Pamela Harbison [DE 19] and Motion for Default Judgment as to Vincent Harbison [DE 20] are GRANTED.

The Clerk shall enter judgment by default in favor of plaintiff American Select Insurance Company and against defendants James Baird, Pamela Harbison and Vincent Harbison. The judgment shall include the declarations that:

- Defendant James J. Baird is not entitled to coverage under his policy with American Select Insurance for the allegations contained in the remaining Count II of the Second Amended Complaint of plaintiffs Vincent Harbison and Pamela Harbison in Porter Superior Court under cause number 64D02-2107-CT-006915.

- American Select Insurance has no duty to provide a defense or otherwise indemnify James J. Baird against the allegations contained in the remaining Count II of the Harbisons' Second Amended Complaint.

5

- Defendants James J. Baird, Vincent Harbison and Pamela Harbison have no right to seek or collect any damages, money, insurance coverage, or any other relief from American Select Insurance for the remaining Count II of the Harbisons' Second Amended Complaint.

The Clerk shall provide a copy of this order to defendants at the following addresses:

James J. Baird
127 Eden Court
Valparaiso IN 46383

Pamela A. Harbison
126 Eden Court
Valparaiso IN 46383

Vincent Harbison
126 Eden Court
Valparaiso IN 46383.

**SO ORDERED**.

ENTERED: November 14, 2022.   /s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**